**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-1035-PAB-KLM

KAREN GARNER,

    Plaintiff,

v.

CITY OF LOVELAND, a Colorado municipality,
OFFICER AUSTIN HOPP, Loveland Police Officer, in his individual capacity,
OFFICER DARIA JALALI, Loveland Police Officer, in her individual capacity,
SERGEANT PHILIP METZLER, Loveland Police Officer, in his individual capacity,
TYLER BRACKETT, Loveland Community Service Officer, in his individual capacity, and
SERGEANT ANTOLINA HILL, Loveland Police Officer, in her individual capacity.

    Defendants.

**DEFENDANTS' JOINT MOTION TO STAY ALL PROCEEDINGS**

    Defendants, the City of Loveland ("Loveland"), by and through counsel of record, Eric M. Ziporin, of the law firm of SGR, LLC, Defendant Officer Austin Hopp ("Former Officer Hopp"), by and through counsel of record, Gordon Vaughan and Sara Cook, of the law firm of Vaughan & DeMuro, Defendant Officer Daria Jalali ("Former Officer Jalali"), by and through counsel of record, Jonathan M. Abramson and Yulia Nikolaevskaya, of the law firm of Kissinger & Fellman, P.C., Defendant Sergeant Philip Metzler ("Sergeant Metzler"), by and through counsel of record, Josh A. Marks and David J. Goldfarb, of the law firm of Berg, Hill, Greenleaf Ruscitti, LLP, Defendant Community Service Officer Tyler Blackett ("Former Officer Blackett"), by and through his counsel of record, Peter H. Doherty, of the law firm of Lasater & Martin, P.C., and Defendant Sergeant Antolina Hill ("Sergeant Hill"), by and through her counsel of record, Katherine M.L. Pratt and Saugat

1

Thapa, of the law firm of Wells, Anderson & Race, LLC, (collectively referred to herein as "Defendants"), hereby move for a stay of all discovery/proceedings, including a stay of Defendants' responsive pleading deadline and setting of a Scheduling Conference, in this matter until a resolution has been reached in Former Officer Hopp and Former Officer Jalali's pending criminal cases.

## CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)
## AND MAGISTRATE JUDGE KRISTEN L. MIX' PRACTICE STANDARDS
### (Updated May 11, 2021)

Undersigned legal counsel for Defendants hereby certify that they conferred with counsel for Plaintiff, Sarah Schielke, on July 14, 2021 via Zoom videoconference regarding the relief requested herein. Ms. Schielke indicated that Plaintiff is opposed to the requested stay of discovery/proceedings, including a stay of Defendants' responsive pleading deadline and setting of a Scheduling Conference, in this matter.

## INTRODUCTION

A stay of proceedings is necessary in this case as to all Defendants and all claims. As to Former Officer Hopp and Former Officer Jalali, it is a matter of a public knowledge that these officers have been charged criminally in connection with the incident subject to this lawsuit. The fact that Former Officer Hopp and Former Officer Jalali have been criminally charged required the retention of independent criminal counsel and presents a difficult consideration of the benefits and detriments of invoking or waiving their Fifth Amendment rights as the criminal cases eventually proceed to trial. These parallel criminal proceedings would likely implicate Former Officer Hopp and Former Officer Jalali's Fifth Amendment rights in both this pending civil litigation and the current criminal

cases. Such a situation puts this Court in the position of having to consider a stay of discovery to "prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution," *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080-81 (10th Cir. 2009). Because Former Officer Hopp and Jalali's "Fifth Amendment constitutional rights will be *substantially* prejudiced in the absence of a stay, [ ] the Court's discretion disappears and a stay of the civil proceedings is required." *DTC Energy Grp., Inc. v. Hirschfeld*, 2019 U.S. Dist. LEXIS 139920, at *2 (D. Colo. Aug. 19, 2019) (*citing Creative Consumer Concepts, Inc.,* 563 F.3d at 1080). Therefore, a stay of proceedings is required as to Former Officers Hopp and Jalali.

As to all other Defendants, a complete stay of the proceedings is in the interest of judicial economy and preserving the resources of the parties. It is more appropriate for the Court to enter a complete stay of discovery until the criminal cases against Former Officers Hopp and Jalali are resolved as piecemeal discovery is an inefficient use of Court's resources and would be prejudicial to all Defendants.

Therefore, all Defendants request that this Court, in the interests of justice, grant their Joint Motion to Stay All Proceedings.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery; however, the rules do allow a court to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Even when an automatic stay is not required, a district

court has broad discretion to stay proceedings where appropriate. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

"In the interest of justice, the Court may, at its discretion, stay a civil action until completion of parallel criminal proceedings." *DTC Energy Grp.*, 2019 U.S. Dist. LEXIS 139920, at *1-2; *see also AIG Life Ins. Co. v. Phillips*, 2007 U.S. Dist. LEXIS 52692, at *2 (D. Colo. 2007) (citation omitted).

The decision to stay discovery rests within the sound discretion of the trial court. *Fine v. Tumpkin*, 2018 U.S. Dist. LEXIS 3012, at *2 (D. Colo. 2018) (citing *Wang Hsu*, 919 F.2d 130, 130 (10th Cir. 1990) and *Clinton*, 520 U.S. at 706-07). Although, as a general proposition, courts in this District disfavor stays, "a stay may be appropriate under particular circumstances, such as parallel civil and criminal proceedings." *Davis v. United States*, 2020 U.S. Dist. LEXIS 196467, at *5 (D. Colo. 2020) (citing *Hartford Life & Accident Ins. Co. v. Nickal*, 2018 U.S. Dist. LEXIS 36358 (D. Colo. 2018)); *see also Duke v. Lehmann*, 2018 U.S. Dist. LEXIS 76611 (D. Colo. 2018). In such circumstances, courts in the District of Colorado consider the following six factors in determining the propriety of a stay:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal case, including whether there has been an indictment; (3) the interests of, prejudices to, and burden on the plaintiff; (4) the interests of and burden on the defendant; (5) the interest of the court; and (6) the public interest. *See Nickal*, 2018 WL 1173150, at *2 (collecting cases); *Maxton v. United States*, 2014 U.S. Dist. LEXIS 144387, 2014 WL 5091972, at *4 (D. Colo. Oct. 10, 2014) (citing *AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MEH, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007)).

*Davis*, 2020 U.S. Dist. LEXIS 196467, at *6. In addition, when considering "whether the interests of justice seem to require a stay, the Court *must* consider the extent to which a party's Fifth Amendment rights are implicated." *Fine*, 2018 U.S. Dist. LEXIS 3012, at *7 (quoting *Creative Consumer Concepts*, 563 F.3d at 1080 (emphasis added)). This is because, while a defendant "has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment Privilege[,] … [a] district court may also a stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.* (quoting *Creative Consumer Concepts* at 1080-81).

"To determine whether a stay is warranted in a particular case, the Court must generally balance the plaintiff's interests "in moving forward with the litigation against the interests of a defendant asserting Fifth Amendment rights who faces the choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal litigation [and] if those rights are waived."" *DTC Energy Grp., Inc.,* 2019 U.S. Dist. LEXIS 139920, at *2, *see also AIG Life Ins. Co.*, 2007 U.S. Dist. LEXIS 52692, at *2 (quotation omitted).

"However, if the Court finds that a party's Fifth Amendment constitutional rights will be *substantially* prejudiced in the absence of a stay, then the Court's discretion disappears and a stay of the civil proceedings is required." *DTC Energy Grp., Inc.*, 2019 U.S. Dist. LEXIS 139920, at *2, *citing Creative Consumer Concepts, Inc.,* 563 F.3d at 1080.

## ARGUMENT

I. **This Court Must Stay All Proceedings Because Parallel Criminal Cases are Currently Pending Against Former Officer Hopp and Former Officer Jalali.**

In the absence of a stay of all proceedings, Former Officers Hopp and Jalali's Fifth Amendment rights will be substantially prejudiced. Therefore, the application of the *Davis* factors weighs heavily in favor of Former Officers Hopp and Jalali's request for a stay of all proceedings.

As to the *first factor*, it weighs in favor of granting a stay. The first factor focuses on similarity of issues "to determine whether the defendant's Fifth Amendment rights are or may be implicated." *Fine*, 2018 U.S. Dist. LEXIS 3012, at *9. Overlap of issues between the civil and criminal proceedings thus "has been termed 'the most important issue at the threshold to determine whether to grant a stay.'" *Stohr v. Scharer*, 2018 U.S. Dist. LEXIS 89488, at *6 (D. Kan. 2018) (quoting *Walsh Securities, Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998)). Here, the civil and criminal proceedings involve precisely the same issue—use of force on the Plaintiff and the conduct and involvement of Former Officers Hopp and Jalali in that use of force. *See* Exhibit A. The civil and criminal proceedings, therefore, overlap considerably, directly implicating the Fifth Amendment rights of Former Officers Jalali and Hopp, and potentially of other named Defendants. The first factor, therefore, weighs in favor of granting a stay. *See Stohr*, 2018 U.S. Dist. LEXIS 89488, at *6; *see also Fine*, 2018 U.S. Dist. LEXIS 3012, at *8-9 (comparing the criminal allegations to the civil allegations and finding that "Plaintiff's argument that the issues in the criminal case are only a portion of those alleged in this case is a non-starter").

The *second factor* also favors granting a stay. "A stay is more likely warranted if an indictment has already been issued because (1) 'the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued,' and (2) 'the prejudice to the plaintiff [ ] in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.'"  *DTC Energy Grp., Inc.*, 2019 U.S. Dist. LEXIS 139920, at *3-4 (citation and quotation omitted). In this case, Former Officers Hopp and Jalali have already been criminally charged and their cases are actively pending in court. *See*, *People v. Daria Jalali*, Case No. C0352021M001071, Larimer County; *see also*, *People v. Austin Hopp*, Case No. C0352021CR000876, Larimer County. Therefore, the risk that Former Officers Hopp and Jalali would make incriminating statements during defense of this civil litigation is substantial and any prejudice to Plaintiff is reduced to the Speedy Trial Act considerations. Thus, a stay of all proceedings is warranted.

As to the *third factor*, Plaintiff has a generalized interest in proceeding expeditiously that is present in all civil cases.[1] Generalized concerns that the value of the evidence will diminish, or witness memories will fade is also not enough to cause prejudice to Plaintiff. *See Chapman v. Fed. Bureau of Prisons*, 2015 U.S. Dist. LEXIS 99648, at *7 (D. Colo. 2015). Moreover, the Courts in this District have recognized that while this factor may slightly disfavor a stay, a plaintiff's concerns must yield to those of a defendant faced with "'the quandary of choosing between waiving their Fifth

---

[1] It should be noted that some discovery has already taken place between the parties. The City of Loveland has already provided a variety of documents requested by Plaintiff. Moreover, Plaintiff is already in possession of video evidence and other documents obtained independently prior to filing of the legal action in this case.

7

Amendment rights or effectively forfeiting the civil case.'" *Duke*, 2018 U.S. Dist. LEXIS 76611, at *4 (quoting *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995). Therefore, the *third* factor is neutral.

As to the *fourth factor*, it heavily weighs toward the grant of Former Officers Hopp and Jalali's request to stay all proceedings. "When considering a stay in a matter involving parallel criminal and civil proceedings, the primary debate centers on the criminal defendant's potential waiver or invocation of his Fifth Amendment rights." *SEC v. Trujillo*, 2010 U.S. Dist. LEXIS 61936, at *1 (D. Colo. June 1, 2010). The Fifth Amendment allows an individual to not 'answer official questions put to him in any . . . proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *S.E.C. v. Smart*, 678 F.3d 850, 854 (10th Cir. 2012). "[I]f defendant fails to invoke his Fifth Amendment privilege, he waives it, and any evidence adduced in this civil case can then be used against him in his criminal case." *Trujillo*, 2010 U.S. Dist. LEXIS 61936, at *8-9 (citation omitted).

If a stay of all proceedings is not granted in this case, Former Officers Hopp and Jalali would be put in the precise position articulated in *Trujillo*. If Former Officers Hopp and Jalali respond to Plaintiff's discovery requests or testify during their depositions in this civil case, any evidence adduced could be used against them in the criminal proceedings. If Former Officers Hopp and Jalali invoke their Fifth Amendment rights in this civil case, Plaintiff can use it against both of them. Plaintiff can ask this Court for an adverse inference ruling as a consequence of such invocation and, thereby, gaining unfair

advantage over Former Officers Hopp and Jalali. *See Wilson v. Olathe Bank*, 1998 U.S. Dist. LEXIS 5509, at *24 (D. Kan. Mar. 2, 1998) (citation omitted) ("Under the prevailing rule, the Fifth Amendment does not forbid adverse inferences against parties to civil actions who refuse to testify when probative evidence is offered against them."). Therefore, this Court should exercise its discretion to avoid placing Former Officers Hopp and Jalali in a position of choosing between the risks of losing their criminal cases or the civil litigation. *See Trujillo*, 2010 U.S. Dist. LEXIS 61936, at *4 (citation omitted) ("ultimate question . . . is whether the court should exercise its discretion in order to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings.") The analysis is pushed further in favor of a stay when accounting for the discovery issues attending a parallel criminal investigation, as observed by Magistrate Judge Hegarty in *Fine v. Tumpkin*:

> Plaintiff argues that a stay is not justified simply because a party must choose between testifying in a civil matter and asserting his Fifth Amendment privilege. … While this is true, the Court also finds compelling the Tenth Circuit's finding in *Creative Consumer Concepts* that "[a] district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." 563 F.3d at 1080-81. Because the allegations in the criminal proceeding are essentially the same as those raised here, … the Court must take care to ensure that no party gains an advantage from engaging in discovery in the civil case while the criminal case proceeds, and that the civil proceeding does not expose [Defendant]'s criminal defense strategy to the Plaintiff/criminal victim. The safest way to prevent these issues is to stay civil discovery temporarily until the criminal matter resolves.

*Fine,* 2018 U.S. Dist. LEXIS 3012, at *13-14. Similarly, in *Davis v. United States*, Magistrate Judge Wang pointed out the "litany of problems related to discovery and disclosures" in the context of parallel civil and criminal proceedings that implicate not only the interests of the parties, but the government and the public as well, further justifying a stay:

> [T]his court respectfully agrees with Defendant's concerns that "documents, witnesses, and testimony that the United States will need to rely on" to defend the instant civil action "are part of the Government's criminal investigation" of Mr. Davis and could: (a) expose the Government's "developing view of the facts and theory of the prosecution in advance of any criminal proceeding"; (b) "permit key witnesses to hear reports on matters being investigated criminally," thereby jeopardizing the investigation; (c) "enable potential targets of a criminal investigation to obtain earlier and greater access to information" thereon; (d) provide discovery to Mr. Davis beyond the limits set forth in the Federal Rules of Criminal Procedure; (e) create unfairness and prejudice to the subjects and targets of the criminal investigation; and (f) result in inefficiencies and inadequacies in the discovery process to the extent Mr. Davis seeks information that cannot be disclosed during the ongoing criminal investigation. … Simply, the Government has an interest in not disclosing information regarding an ongoing investigation—including witnesses and/or statements that could imperil the investigation or the general administration of the institution. Accordingly, this court finds that this factor weighs in favor of a stay to "prevent either party from taking advantage of broader civil discovery rights[.]" *Creative Consumer Concepts*, 563 F.3d at 1080-81.

*Davis*, 2020 U.S. Dist. LEXIS 196467, at *9-11. Although *Davis* considered a slightly different context—where the Government was both investigating a litigant and defending against the civil case simultaneously—the same discovery concerns are present in this case. Particularly, that the discovery efforts in this case might result in information being provided that is beyond that allowed by criminal procedure. This would create unfairness and prejudice to Former Officers Hopp and Jalali resulting in inefficiencies and inadequacies in the discovery process when the parties inevitably seek information that

cannot be disclosed during the ongoing criminal prosecution. Thus, the fourth factor heavily favors a stay in this case.

The *fifth and sixth factors* similarly favor granting a stay. While it is true that a stay will result in a delay of this action, "'[t]he public's interest in the integrity of [a] criminal case is entitled to precedence over the civil litigant.'" *Davis*, 2020 U.S. Dist. LEXIS 196467, at *12 (quoting *Maloney v. Gordon*, 328 F. Supp. 2d 508, 513 (D. Del. 2004)). Moreover, when considered in light of the competing interests at stake in parallel civil and criminal proceedings as detailed above, the Court's and public's interests in the "speedy and inexpensive" determination of an action are outweighed by the necessity to "ensure a 'just' determination of the action." *Fine*, 2018 U.S. Dist. LEXIS 3012, at *15; *see also Davis*, 2020 U.S. Dist. LEXIS 196467, at *12 (same). In addition, "resolution of the criminal case may (1) increase the possibility of settlement of the civil case, and (2) 'may reduce the scope of discovery in the civil case [as] the evidence gathered during the criminal prosecution can later be used in the civil action.'" *Duke*, at *4 (quoting *Transworld*, 886 F. Supp. at 1140). Thus, "'[b]ecause of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here.'" *Id.* (quoting *Volmar Distributors, Inc. v. The New York Post Co., Inc.*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993)); *see also Fine*, 2018 U.S. Dist. LEXIS 3012, at *12 (noting that "a stay of this civil matter does not mean that all aspects of the adjudication of Plaintiff's allegations are halted," due to continuation of the criminal investigation)). Because the Court's and public's interests in the "speedy and inexpensive" determination of an action are outweighed by the necessity to "ensure a 'just' determination of the action" this Court

should grant Former Officers Hopp and Jalali's request for a stay of all proceedings. *See Fine*, 2018 U.S. Dist. LEXIS 3012, at *15.

Just like Magistrate Judge Hegarty in *Fine*,[2] Magistrate Judge Wang in *Davis*[3] and Magistrate Judge Crews in *Brown*,[4] this Court has recognized that a "party's Fifth Amendment constitutional rights will be *substantially* prejudiced in the absence of a stay" if Defendants have been criminally charged or investigated based on the same incident subject of Plaintiff's civil action.  See *DTC Energy Grp., Inc.*, 2019 U.S. Dist. LEXIS 139920, at *2. Therefore, this Court should grant Former Officers Hopp and Jalali's Motion to Stay all Proceedings as it has previously granted such stay under similar circumstances in several other cases.[5]

## II.     **A Complete Stay of Proceedings as to All Defendants on All Claims is Warranted in This Case.**

All proceedings against all other Defendants should be stayed as well.[6] As discussed above in Section I, the proceedings against Former Officers Hopp and Jalali, must be stayed until the completion of the criminal prosecution against them. Allowing discovery to proceed against all other Defendants in piecemeal fashion constitutes an inefficient use of judicial resources and would be prejudicial to all Defendants.

---

[2] *Fine v. Tumpkin*, 2018 U.S. Dist. LEXIS 3012 (D. Colo. 2018).
[3] *Davis v. United States*, 2020 U.S. Dist. LEXIS 196467 (D. Colo. 2020).
[4] *Brown v. Tennison*, 2020 U.S. Dist. LEXIS 5066 (D. Colo. Jan. 13, 2020).
[5] This Court has previously granted a motion to stay proceedings in similar circumstances in *Auto-Owners Ins. Co. v. Next Generation Energy, Ltd. Liab. Co.*, 2014 U.S. Dist. LEXIS 175463 (D. Colo. Dec. 19, 2014); *United States CFTC v. R2 Capital Grp. LLC*, U.S. Dist. LEXIS 874 (D. Colo. Jan. 6, 2015) (motion was granted but was unopposed by Plaintiff) and *DTC Energy Grp., Inc. v. Hirschfeld*, 2019 U.S. Dist. LEXIS 139920 (D. Colo. Aug. 19, 2019).
[6] In addition to the arguments outlined in this section, should the Court not stay this case as to all Defendants, Sergeant Metzler, Former Officer Blackett and Sergeant Hill, reserve the right to seek a stay upon the assertion of qualified immunity.

In general, "[a] bifurcation of discovery is wholly inefficient, and judicial economy and the danger of unfair and substantial prejudice to [Defendant] warrants a stay of discovery as to all parties and claims pending the resolution of the motion[s] to dismiss filed by [the parties]." *Howse v. Atkinson*, 2005 U.S. Dist. LEXIS 7511, *7 (D. Kan. 2005). Under the same reasoning, a bifurcation of discovery would be just as inefficient in this case if all other Defendants were required to proceed with discovery if the case against Former Officers Hopp and Jalali is stayed until resolution of the parallel criminal cases pending against them. If piecemeal discovery is allowed to proceed, fewer than all parties will be participating in written discovery and depositions. *See Benton v. Town of S. Fork & Police Dep't*, 2012 U.S. Dist. LEXIS 132901, at *14-15 (D. Colo. 2012) (any possible prejudice to Plaintiff is outweighed by the burden on all defendants if discovery were to proceed in a piecemeal fashion).  Because there is a common nucleus of facts present in the claims against Former Officers Hopp and Jalali and all other Defendants, specifically that all Defendants are alleged to have played a role in the alleged constitutional violations of the Plaintiff, all discovery should be stayed. *See Monroe v. City of Lawrence,* 2013 U.S. Dist. LEXIS 165520, *8 (D. Kan. 2013) ("Bifurcated discovery would . . . be impractical and inefficient, based on the common nucleus of facts present in the claims against both Defendants.").

If the case is permitted to continue against Defendants Loveland, Sergeant Metzler, Former Officer Blackett and Sergeant Hill, it would likely require Former Officers Hopp and Jalali to participate in the process or risk compromising their litigation position.

> It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the

13

> process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009). If the claims against all other Defendants proceed, Former Officers Hopp and Jalali would still be compelled to participate in discovery and the continued proceedings, and any stay granted for them will be effectively nullified.[7] Moreover, the remaining Defendants would suffer significant prejudice in that the Defendants would be unable to obtain critical admissions from Former Officers Hopp and Jalali which bolster their respective defenses to Plaintiff's claims. *See Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *5 (D. Colo. Dec. 20, 2010) (staying case in its entirety based, in-part, on prejudice faced by non-criminally charged defendants who would be precluded from obtaining discovery from criminally charged defendants on critical issues).

It is more convenient for the Court to enter a complete stay of proceedings until the criminal cases against Former Officers Hopp and Jalali have concluded. It is not logical to continue with the proceedings in this matter otherwise. All Defendants, and not Plaintiff, will be severely prejudiced if this case continues to proceed through discovery before prosecution of the criminal cases against Former Officers Hopp and Jalali is complete.

---

[7] Any discovery allowed to proceed in this case would most likely significantly implicate Former Officers Hopp and Jalali's Fifth Amendment rights.

## CONCLUSION

The *Davis* factors weigh in favor of a complete proceedings stay. Based upon the foregoing, including the concrete, particularized, and serious harm Former Officers Hopp and Jalali, and all other Defendants, will incur, Defendants have shown good cause for the Court to stay all proceedings, including Defendants' responsive pleading deadline, discovery and setting of a Scheduling Conference. Moreover, the Court should, pursuant to D.C.COLO.LCivR 30.2, enter an interim order staying all discovery obligations, including the Defendants' obligation to prepare a Scheduling Order and participate in a Scheduling Conference until the Court resolves this motion.

Dated this 14th day of July, 2021.

| | |
|---|---|
| */s/ Eric M. Ziporin* | */s/ Sara L. Cook* |
| Eric M. Ziporin | Gordon Vaughan |
| SGR, LLC | Sara L. Cook |
| 3900 East Mexico Avenue, Suite 700 | Vaughan & DeMuro |
| Denver, CO 80210 | 111 South Tejon Street, Suite 545 |
| Telephone: (303) 320-0509 | Colorado Springs, CO 80903 |
| Facsimile: (303) 320-0210 | Telephone: (719) 578-5500 |
| Email: eziporin@sgrllc.com | Email: gvaughan@vaughandemuro.com |
| ATTORNEY FOR DEFENDANT CITY OF LOVELAND | scook@vaughandemuro.com |
| | ATTORNEYS FOR DEFENDANT AUSTIN HOPP |
| | |
| */s/ Jonathan M. Abramson* | s/ David J. Goldfarb |
| *Jonathan M. Abramson* | David J. Goldfarb |
| Yulia Nikolaevskaya | Josh A. Marks |
| Kissinger & Fellman, P.C. | Berg Hill Greenleaf Ruscitti LLP |
| 3773 Cherry Creek N. Dr., #900 | 1712 Pearl Street |
| Denver, CO 80209 | Boulder, CO 80302 |
| Telephone: (303) 320-6100 | Phone: (303) 402-1600 |
| Facsimile: (303) 327-8601 | Fax: (303) 402-1601 |
| Email: jonathan@kandf.com | Email: djg@bhgrlaw.com |
| julie@kandf.com | jam@bhgrlaw.com |
| ATTORNEYS FOR DEFENDANT DARIA JALALI | ATTORNEYS FOR DEFENDANT PHILIP METZLER |

| | |
|---|---|
| */s/ Peter H. Doherty* | */s/ Katherine M.L. Pratt* |
| Peter H. Doherty | Katherine M.L. Pratt |
| Lasater & Martin, P.C. | Saugat K. Thapa |
| 8822 S. Ridgeline Blvd., #405 | Wells, Anderson & Race, LLC |
| Highlands Ranch, CO 80129 | 1700 Broadway, Suite 1020 |
| Telephone: 303-730-3900 | Denver, CO  80290 |
| Facsimile: 303-730-3939 | Telephone: (303) 830-1212 |
| E-mail: Peter@LasaterandMartin.com | Email: kpratt@warllc.com |
| *ATTORNEY FOR DEFENDANT TYLER BLACKETT* | sthapa@warllc.com |
| | *ATTORNEYS FOR DEFENDANT ANTOLINA HILL* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Sarah Jay Schielke, Esq. (sarah@lifeandlibertylaw.com)
*ATTORNEY FOR PLAINTIFF KAREN GARNER*

Eric M. Ziporin, Esq. (eziporin@sgrllc.com)
*ATTORNEY FOR DEFENDANT CITY OF LOVELAND*

Gordon L. Vaughan, Esq. (gvaughan@vaughandemuro.com)
Sara Cook, Esq. (scook@vaughandemuro.com)
*ATTORNEYS FOR DEFENDANT AUSTIN HOPP*

Jonathan M. Abramson, Esq. (jonathan@kandf.com)
Yulia Nikolaevskaya, Esq. (julie@kandf.com)
*ATTORNEYS FOR DEFENDANT DARIA JALALI*

Josh A. Marks, Esq. (jam@bhgrlaw.com)
David J. Goldfarb, Esq. (djg@bhgrlaw.com)
*ATTORNEY FOR DEFENDANT PHILIP METZLER*

Peter Doherty, Esq. (peter@lasaterandmartin.com)
*ATTORNEY FOR DEFENDANT TYLER BLACKETT*

Katherine M. L. Pratt, Esq. (kpratt@warllc.com)
Saugat Thapa, Esq. (sthapa@warllc.com)
*ATTORNEYS FOR DEFENDANT ANTOLINA HILL*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name: N/A

***s/ Elizabeth Jackson***
Kissinger & Fellman, P.C.